# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| CHASE WELCH AND SOMER WELCH, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN PROMOTIONAL EVENTS, INC., <br><br> Defendant. | CIVIL ACTION NO. <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT'S NOTICE OF REMOVAL

1. Defendant American Promotional Events, Inc. ("APE") desires to exercise its rights under the provisions of 28 U.S.C. § 1441 to remove this action from the State Court for Muscogee County, Georgia, which case is now pending in that court under the caption *Chase Welch and Somer Welch v. Am. Promotional Events, Inc.*, Case No. SC2022CV000443, to the U.S. District Court for the Middle District of Georgia, Columbus Division.

2. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that a federal question arising under the laws of the United States is presented on the face of Plaintiffs Chase and Somer Welch's ("Plaintiffs") First Amended Complaint ("Amended Complaint") filed on July 18, 2022, as set forth below. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the remaining claims in Plaintiffs" Amended Complaint, in that they arise out of the same nucleus of operative facts as Plaintiffs' federal claim.

3. This case involves alleged injuries suffered by Plaintiff Chase Welch when he ignited a consumer firework he allegedly purchased from APE. Plaintiffs originally filed this action on April 7, 2022, alleging claims for Strict Products Liability for an alleged design defect (Count One), Strict Products Liability for an alleged failure to warn (Count Two) and a claim for Loss of Consortium (Count Three).

4. On July 18, 2022, Plaintiffs filed their Amended Complaint, alleging that APE violated the Federal Hazardous Substances Act, 15 U.S.C. §§ 1261, *et. seq.* ("FHSA") and its accompanying regulations by

failing to adequately warn Plaintiff of the firework's dangers. *See* Am. Compl., Count Two. More specifically, the Amended Complaint alleges that:

> [t]he subject firework was defective at the time it was used by Plaintiff because APE did not comply with its obligations set forth in the Federal Hazardous Substances Act as defined by 16 C.F.R. 1500.14(b)(7)(xv) in that the firework was not specifically listed in the regulations and Defendants failed to advise the used of necessary safety precautions to be observed as specifically provided by the regulations applicable to fireworks.

Am. Compl., ¶ 30. Plaintiffs further allege that Plaintiff Chase Welch's injuries were proximately caused by APE's alleged failure to warn in violation of the FHSA. *See* Am. Compl., ¶ 31. APE's liability under this claim hinges on whether it complied with the FHSA.

5. In addition to their federal claim, the Amended Complaint alleges claims for Strict Products Liability for an alleged design defect (Count One), "Seller Lability" (Count Three), Breach of Warranty (Count Four), and a claim for Loss of Consortium (Count Five). Each of Plaintiffs' claims arises from the same firework incident as their federal claim.

## **JURISDICTION UNDER 28 U.S.C. § 1331 and § 1367(a)**

6.  Removal is proper under 28 U.S.C. § 1441 for actions where the Court has original jurisdiction. Federal district courts have original jurisdiction over "federal question" cases, which "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life. Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *see also, Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005) ("[T]he [substantial federal question] doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."); *Davis v. GMAC Mortg., LLC,* No. 4:11-CV-95

(CDL), 2012 WL 860389, *3 (M.D. Ga. March 13, 2012) (federal question jurisdiction lies under 28 U.S.C. § 1331 over state law claims that "implicate significant federal issues.") (internal citations omitted); *Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1295 (11th Cir. 2008).

7. Under Eleventh Circuit and U.S. Supreme Court precedent, the substantial-federal-question doctrine is satisfied where: (1) the state-law claim "necessarily raise[s] a [disputed] federal issue;" (2) the federal interest in the issue is "substantial;" and (3) the exercise of jurisdiction does not "disturb[] any congressionally approved balance of federal and state judicial responsibilities." *Adventure Outdoors,* 552 F.3d at 1296 (quoting, *Grable,* 545 U.S. at 314); *Gunn v. Minton,* 568 U.S. 251, 260-61 (2013).

8. Congress enacted the FHSA in 1960 to "'provide nationally uniform requirements for adequate cautionary labeling of packages of hazardous substances which are sold in interstate commerce and are intended or suitable for household use.'" *See Milanese v. Rust Oleum Corp.,* 244 F.3d 104, 109 (2d Cir. 2001) (internal quotations omitted).

The FHSA specifies labeling requirements on certain hazardous products — including fireworks — to help consumers safely store and use those products, and to give them information about immediate first aid steps to take if an accident happens. *See* 16 U.S.C. 1500, *et seq*. In 1966, Congress amended the statute by adding, among other things, an express preemption clause. 15 U.S.C. § 1261 note.

9. In 1976, Congress again amended the FHSA's express preemption clause to state:

> [I]f a hazardous substance ... is subject to a cautionary labeling requirement ... no State ... may establish or continue in effect a cautionary labeling requirement applicable to such substance ... unless such cautionary labeling requirement is identical to the labeling requirements [under the act].

15 U.S.C. § 1261, note (b)(1)(A).

10. In this case, the FHSA provides the exclusive regulation of the warning and labeling requirements for the firework at issue. *See Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 525 (1992). Further, "the FHSA provides the exclusive standard for adjudicating Plaintiffs' failure to warn claims." *White v. Sherwin Williams,* Civil Action No. 19-11580, 2019 WL 6208617, *2 (E.D. La. Nov. 21, 2019), reconsideration denied,

6

No. CV 19-11580, 2020 WL 1064939 (E.D. La. Mar. 5, 2020). "When dealing with an inadequate warning claim that falls under the FHSA, 'the standard of care is set by the FHSA's labeling requirements. Thus to be successful on their claims, Plaintiffs would have to prove that Defendants' warnings and/or labels fell short of the standards set forth in the FHSA.'" *Id*.

11. In *White,* the court specifically found that failure to warn claims under the FHSA "arose under" the laws of the United States and properly conferred federal question subject matter jurisdiction. *See White*, at *4. The same is true here.

12. A federal issue is necessarily raised where a state-law claim hinges on the adjudication of the federal issue. *See Gunn,* 568 U.S. at 259. Here, Plaintiff's claim for strict liability for alleged failure to warn requires the resolution of a substantial issue of federal law. Specifically, the resolution of this claim requires a determination of whether APE violated the FHSA. *See Davis* 2012 WL 860389 at *3. Put another way, establishing that APE violated the FHSA and/or its regulations is an *essential element* of Plaintiff's claim for Strict Liability for Failure to

Warn (Count Two). Because the FHSA precludes states from regulating warning and labeling requirements for consumer fireworks, no alternative state law theories exist.

13. This federal issue is disputed, as APE denies that it violated the FHSA. It is also substantial. "A substantial federal issue is 'one indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *White,* 2019 WL 6208617 at *4 (internal citation omitted) (finding that failure to warn claims implicated a substantial federal issue where they "turn[ed] wholly on whether Defendants' labels comport with the requirements of [the FHSA]").

14. Jurisdiction over Plaintiffs' claims will also not disturb the balance of federal-state judicial responsibility. As noted above, the FHSA was enacted to provide "nationally uniform" requirements for the labeling of packages of hazardous substances. *See, Milanese,* 244 F.3d at 109. In *White,* the court expressly recognized that "'given the need for consistency among the fifty states in applying the FHSA, which is basic to the free flow of goods and services among the fifty states, having the consistency of a federal forum to apply Congress's intended preemption'

8

*strengthens* the balance between federal and state courts." 2019 WL 6208617 at *4. Plaintiffs' claims of the FHSA violation should be determined in this federal forum to ensure Congress's intent is applied consistently.

15. Accordingly, Plaintiffs' claims "arise under" the laws of the United States and properly confer federal question subject matter jurisdiction in this Court. *White,* 2019 WL 6208617 at *4; *Davis*, 2012 WL 860389 at *3. Because of this Court's original jurisdiction over Plaintiff's claim for failure to warn under the FHSA, removal of this action is proper pursuant to 28 U.S.C. § 1441(b).

16. Pursuant to 28 U.S.C. § 1367(a), this Court may also properly exercise supplemental jurisdiction over the remaining state law claims in Plaintiffs' Amended Complaint, because they arise out of the same operative facts as Plaintiffs' claim for violation of the FHSA. *See, Boone v. JP Morgan Chase Bank,* 447 Fed. Appx. 961, 963 (11th Cir. 2011)("A district court may also exercise supplemental jurisdiction over state-law claims that form part of the federal 'case or controversy,' or, more specifically, 'arise out of a common nucleus of operative fact with

a substantial federal claim.'") (quoting, *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 742-43 (11th Cir. 2006)).

## PROCEDURE FOR REMOVAL

17. Pursuant to 28 U.S.C. § 1446(b), where a "case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants timely file this Notice of Removal within thirty (30) days after receipt of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based, i.e., Plaintiffs' First Amended Complaint which was filed on July 18, 2022.

18. Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the State Court of Muscogee County, Georgia, to the United States District Court for the Middle District of Georgia, Columbus Division, which embraces the place were such action is pending.

19. A copy of all process, pleadings, and orders served upon APE are attached as Exhibit A in accordance with 28 U.S.C. § 1446(a).

20. Written notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit B, will be given to Plaintiff as required by law.

21. A true copy of this Notice of Removal will be filed with the clerk of court for the State Court of Muscogee County, Georgia, in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C.

WHEREFORE, Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted this 11th day of August, 2022.

| | |
|---|---|
| 3344 Peachtree Road, Suite 2400<br>Atlanta, GA 30326<br>Tel: (404) 876-2700<br>Fax: (404) 875-9433<br>npanayotopoulos@wwhgd.com<br>jadler@wwhgd.com<br>wortiz@wwhgd.com | WEINBERG, WHEELER, HUDGINS,<br>GUNN & DIAL, LLC<br><br>*/S/ WILLIAM D. ORTIZ*<br>Nick P. Panayotopoulos<br>Georgia Bar No. 560679<br>Jennifer A. Adler<br>Georgia Bar No. 585635<br>William D. Ortiz<br>Georgia State Bar No. 327613<br>*Counsel for Defendant American Promotional Events, Inc.* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has, either by e-filing, electronic mail and/or depositing same in the United States Mail with sufficient postage attached thereto to assure delivery, been furnished to all counsel of record as follows:

Michael J. Warshauer
WARSHAUER LAW GROUP, P.C.
2740 Bert Adams Road
Atlanta, Georgia 30339
mjw@warlawgroup.com

This 11th day of August, 2022.

| | |
|---|---|
| 3344 Peachtree Road, Suite 2400<br>Atlanta, GA 30326<br>Tel: (404) 876-2700<br>Fax: (404) 875-9433<br>npanayotopoulos@wwhgd.com<br>jadler@wwhgd.com<br>wortiz@wwhgd.com | WEINBERG, WHEELER, HUDGINS,<br>GUNN & DIAL, LLC<br><br>*/S/ WILLIAM D. ORTIZ*<br>Nick P. Panayotopoulos<br>Georgia Bar No. 560679<br>Jennifer A. Adler<br>Georgia Bar No. 585635<br>William D. Ortiz<br>Georgia State Bar No. 327613<br><br>*Counsel for Defendant American Promotional Events, Inc.* |