# EXHIBIT A

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | | CLYDE CASTLEBERRY CO., COVINGTON, GA 30015 |

Civil Action No. _____

Date Filed _April 1 2022_ _____

|                  |   |                 |   |
|------------------|---|-----------------|---|
| Superior Court   | ☐ | Magistrate Court| ☐ |
| State Court      | ☒ | Probate Court   | ☐ |
| Juvenile Court   | ☐ |                 |   |

Georgia, _____ COUNTY

_____

Attorney's Address _____

_____

_____

_____

_____ Plaintiff

VS.

_____

Name and Address of Party to be Served.

_____

_____ Defendant

_____

_____

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐  I have this day served the defendant _____ personally with a copy of the within action and summons.

_____

**NOTORIOUS** ☐  I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒  Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

_____

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 _____.

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

## STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

**⚖ EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
## SC2022CV000443

**APR 07, 2022 09:40 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER   SC2022CV000443

Welch, Chase
Welch, Somer

**PLAINTIFF**

**VS.**

American Promotional Events, Inc.

**DEFENDANT**

### SUMMONS

TO: AMERICAN PROMOTIONAL EVENTS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Michael J Warshauer**
> **Warshauer Law Group, P.C.**
> **2740 Bert Adams Road**
> **Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of April, 2022.**

Clerk of State Court

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2022CV000443**

APR 07, 2022 09:40 AM

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHASE WELCH and SOMER WELCH ,

        Plaintiffs,

    v.

AMERICAN PROMOTIONAL EVENTS,
INC.,

        Defendant.

**JURY TRIAL DEMANDED**

**CIVIL ACTION
FILE NO.** _____

## INTRODUCTION

This is a product liability action.  Defendant sold a consumer fireworks known as the TNT Small Display Shell Blue Star with Crackle & Silver Fish Firework, as allowed by O.C.G.A. §25-10-5.1. The firework had a design defect that caused it to shoot out at an angle instead of vertically. When this happened, Plaintiff was caused to be blinded.

## COMPLAINT FOR DAMAGES

COMES NOW Chase Welch and Somer Welch and file this Complaint for Damages against Defendant American Promotional Events, Inc. as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant American Promotional Events, Inc. ("APE") is a foreign profit corporation. APE may be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, GA, 30046-4805.

-1-

2.

By virtue of being alleged to have committed a tortious act in this county and in this state, this Court has jurisdiction over APE.

3.

Venue is proper in this Court because Muscogee County is the county in which APE is alleged to have committed a tortious act.

## FACTS

4.

APE sold consumer fireworks, in particular a product called the TNT Small Display Shell Blue Star with Crackle & Silver Fish Firework (the "firework") that is used by consumers to celebrate holidays like the 4th of July.

5.

The firework is supposed to be ignited by a fuse then shoot "flaming balls" vertically out of the top.

6.

If the firework emits flame or sparks other than vertically out of the top it is defective.

7.

If the firework emits flame or sparks at an angle it is defective.

8.

If the firework shoots flames or sparks at an angle, instead of vertically, it presents an unreasonable danger to users in that they do not expect that to occur, and can be

seriously injured as a result.

9.

Plaintiff Chase Welch purchased the firework from a stand operated by AME located in Muscogee County, Georgia.

10.

On July 4, 2021, Chase Welch was using the firework when, after igniting properly, sparks and flame erupted out of the top but instead of going vertically erupted at a severe angle and hit him in the face and eye.

11.

On July 4, 2021, when Chase Welch was using the firework and sparks and flame erupted at a severe angle and hit him in the face and eye he was seriously injured.

12.

The injury suffered by Chase Welch is the kind of damage or injury that might ensue to persons as a result of selling consumer fireworks.

13.

At the time the firework was sold for use, a reasonable alternative design was technically and financially possible, and would not have negatively affected the utility of the firework.

14.

The firework was defective in that it was not manufactured as intended because it was intended that the flame and spark would erupt vertically, and not erupt at a severe angle, from the top of the firework.

-3-

## COUNT ONE
## Strict Products Liability Against Defendant American Promotional Events, Inc.
## Design

### 15.

Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above as if they were fully restated verbatim herein.

### 16.

APE sold the consumer firework involved in the incident in suit.

### 17.

APE was engaged in the business of selling consumer fireworks, including the subject firework, for use and consumption in Georgia.

### 18.

APE sold the subject firework for use and consumption in Georgia.

### 19.

The subject firework was defective in its design and manufacture because sparks and flame erupted at a severe angle and this made the firework unreasonably dangerous. The subject firework was also defective because it did not have adequate and necessary warnings and instructions to allow it to be used safely given the design and/or manufacturing defects and dangers inherent in the subject firework.

### 20.

The subject firework was defective at the time it was sold by APE or at the time it left the control of this Defendant.

-4-

21.

The subject firework was expected to and did reach the user without substantial change in the condition in which it was sold.

22.

Chase Welch was a person who would reasonably be expected to use or be affected by the subject firework, and Chase Welch used the subject firework in a reasonably foreseeable fashion.

23.

As a direct and proximate result of the manufacturing and/or design defects in the subject firework, Chase Welch is entitled to an award of special damages against the Defendant for past and future lost wages and medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by the enlightened conscience of a jury of his peers, plus such other damages as he has suffered in a total amount to be determined by a jury of his peers.

**COUNT TWO**
**Strict Products Liability Against Defendant American Promotional Events, Inc.**
**Warnings**

24.

Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above as if they were fully restated verbatim herein.

25.

APE designed, sold consumer fireworks, and sold the subject firework involved in the incident in suit.

26

APE was engaged in the business of selling consumer fireworks, including the subject firework, for use and consumption in Georgia.

27.

APE sold the subject firework for use and consumption in Georgia.

28.

The subject firework was defective because APE failed to warn users that flames and sparks could at a severe angle so that they could protect themselves from injury.

29.

The subject firework was defective at the time it was used by Plaintiff because APE failed to take steps to warn Plaintiff of its dangers.

30.

As a direct and proximate result of the APE failure to warn of the dangers of the subject firework, Chase Welch is entitled to an award of special damages against the Defendant for past and future lost wages and medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by the enlightened conscience of a jury of his peers, plus such other damages as he has suffered in a total amount to be determined by a jury of his peers.

## COUNT THREE
## Loss of Consortium

31.

Plaintiffs repeat, reallege, and incorporate by reference, the allegations of Paragraphs 1 through 31 of this Complaint as if repeated herein as Paragraph 32.

32.

At all times relevant to this action, Plaintiff Chase Welch has been the husband of Plaintiff Somer Welch.

33.

As a direct and proximate result of the wrongful conduct of the Defendant, Plaintiff Chase Welch suffered severe and permanent bodily injuries including serious and potentially permanent physical injury and disability, substantial and continuing pain, suffering, and discomfort, and medical expenses and wage losses, both past and future. As a result of these injuries, his wife, Plaintiff Somer Welch, has lost the domestic and conjugal services previously provided to her by her husband and has been deprived of her right to consortium.

34.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff Somer Welch is entitled to an award of general damages against the Defendant for her loss of consortium in an amount to be determined by the enlightened conscience of a jury of her peers.

WHEREFORE, Plaintiffs pray that summons issue, that Defendant be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiffs be awarded judgment in Plaintiffs' favor and against the Defendant, as follows:

(a) Under Counts One and Two, that Plaintiff Chase Welch be awarded damages against Defendant American Promotional Events, Inc. for pain and suffering, lost wages, and medical expenses in an amount to be proven at trial;

-7-

(b) Under Count Three, that Plaintiff Somer Welch be awarded against the Defendant her special damages in the amount proved at trial, and that she be awarded general damages in an amount to be determined by the enlightened conscience of a jury of her peers;

(c) That the cost of this action be levied against Defendant; and,

(d) That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,
WARSHAUER LAW GROUP, P.C.

By: _s/Michael J. Warshauer_
Michael J. Warshauer
Georgia Bar No. 018720

2740 Bert Adams Rd.
Atlanta, GA 30339
404-892-4900
404-892-1020 Fax
mjw@warlawgroup.com

-8-

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2022CV000443**

**JUN 22, 2022 05:07 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHASE WELCH AND SOMER WELCH,

    Plaintiffs,

v.

AMERICAN PROMOTIONAL EVENTS, INC.,

    Defendant.

CIVIL ACTION
FILE NO. SC2022CV000443

**JURY TRIAL DEMANDED**

## DEFENDANT AMERICAN PROMOTIONAL EVENTS, INC'S ANSWER AND AFFIRMATIVE DEFENSES

American Promotional Events, Inc. ("**Defendan**t" or "**APE**") files its Answer and Affirmative Defenses to Plaintiffs' Complaint for Damages, respectfully showing the Court as follows:

### APE'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

APE owed Plaintiffs no duty of care regarding the product at issue, a TNT Small Display Shell Blue Star with Crackle & Silver Fish Firework allegedly purchased by Plaintiff Chase Welch (the "**Firework**"). If APE owed Plaintiffs a duty of care, APE did not breach that duty.

### THIRD AFFIRMATIVE DEFENSE

No act or omission on the part of APE either caused or contributed to any alleged damages that Plaintiffs allege to have sustained.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against APE are barred because APE had no knowledge, actual or

apparent, of any purported defects in the Firework prior to the subject incident giving rise to Plaintiffs' Complaint because any defect, if present while the Firework was allegedly in APE's custody or control, was latent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable parties, and the intervening negligence of, and intervening causation of entities not parties to this action, is a partial or complete bar to all claims asserted by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were proximately caused by the acts and omissions of others over whom APE had no control or right of control. Said acts or omissions were the superseding and/or sole, direct, and proximate cause of Plaintiffs' alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or reduced by the operation of contributory and/or comparative negligence, and/or contributory and/or comparative fault. Any recovery against APE must be reduced by the degree that Plaintiffs' alleged damages were caused by the actions or inactions of others.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained any damages or expenses, such were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by APE, and for which APE is not liable.

## NINTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by Plaintiffs were the proximate result of misuse, alteration, modification or abuse of the Firework, and said misuse, alteration, modification or

abuse was the sole proximate cause and/or intervening and/or superseding cause of the injuries complained of in Plaintiffs' Complaint.

## TENTH AFFIRMATIVE DEFENSE

While specifically denying any negligence or fault on its part, in the event that it is determined that the Plaintiffs are entitled to recover against APE, recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to the Plaintiffs, any other Defendants, Third-Party Defendants or other persons, entity or nonparty, including any party, co-defendant or non-party with whom the Plaintiffs have settled or may settle with in the future.

## ELEVENTH AFFIRMATIVE DEFENSE

APE denies that Plaintiffs are entitled to any damages from it, but without waiving said denial and, in the alternative, the damages sought by Plaintiffs in the Complaint are not recoverable because they are too legally remote, indirect, and speculative.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate those damages allegedly sustained.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs had knowledge of facts from which they either knew or should have known, the risk involved, and therefore Plaintiffs knowingly and voluntarily assumed the risk of injury and damages alleged in their Complaint, barring their claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

APE raises the defense of spoliation of evidence to the extent evidence has been spoiled, damaged, not preserved and/or disturbed while in the custody, control, or possession of Plaintiffs and/or other third parties, and no longer accurately represents the evidence as it was at the time

3

the incident took place.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that APE had a duty to warn, Plaintiffs' claims are barred, in whole or in part, because APE provided adequate "directions or warnings" as to the use of the subject product in accordance with any and all applicable laws or regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any product sold or distributed by APE complied with all applicable federal or state standards and/or regulations at the time the product was originally sold, and thus Plaintiffs may not recover from APE.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by federal laws and/or regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The defenses set forth in O.C.G.A. § 9-11-8(c) are alleged to the extent discovery reveals facts in support thereof.

## NINETEENTH AFFIRMATIVE DEFENSE

APE hereby invokes each and every defense available to it under Georgia's Regulations of Fireworks, O.C.G.A. § 25-10-1, *et seq*.

## TWENTIETH AFFIRMATIVE DEFENSE

In the event APE is compelled to pay any damages because of negligence imputed to APE as a result of a third-party's actions or inactions, in whole or in part causing or contributing to this incident, APE asserts the defense of indemnity from the third-party for any and all sums

that APE may be compelled to pay for the Incident, including any and all damages and attorney's fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

APE is entitled to a set-off of any and all sums received by Plaintiffs from whatever source as a consequence of its alleged injuries or damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

APE hereby invokes each and every defense available to it under the Georgia Product Liability Statute, O.C.G.A. § 51-1-11.1 *et seq*.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

APE specifically reserves the right to assert any affirmative defenses asserted by any other defendant and the right to assert additional affirmative defenses during the course of this case.

Responding to the specific and enumerated paragraphs of Plaintiffs' Complaint for Damages, Defendant states:

## INTRODUCTION

The introductory statement contained in Paragraph 1 of Plaintiffs' Complaint does not contain factual allegations as contemplated by the Georgia Rules of Civil Procedure, and therefore are not susceptible to admission or denial. To the extent a response is required, APE admits that Plaintiffs seek to recover damages caused by the Firework which Plaintiff alleges that APE sold him. The remaining allegations of the Introductory Paragraph are denied. APE specifically denies having committed any tortious acts, or otherwise being liable to Plaintiffs.

## PARTIES, JURISDICTION, AND VENUE

1.

APE admits the allegations of Paragraph 1 of the Complaint.

2.

In response to the allegations of Paragraph 2 of the Complaint, APE admits that this Court has jurisdiction over it. However, APE specifically denies that it committed any tortious acts in this county or state.

3.

In response to the allegations of Paragraph 3 of the Complaint, APE admits that venue is proper in this county. However, APE specifically denies that it committed any tortious acts in this county or state.

## FACTS

4.

In response to the allegations of Paragraph 4 of the Complaint, APE admits that it sells consumer fireworks, including TNT Small Display Shell Blue Star with Crackle & Silver Fish Fireworks. APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiffs' Complaint relating to alleged consumers' use of fireworks, and therefore denies those allegations.

5.

In response to the allegations of Paragraph 5 of the Complaint, APE admits that the Firework has a fuse. APE is neither a designer nor manufacturer of any fireworks, including the Firework at issue in this case, and is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in Paragraph 5 of the Complaint, and therefore denies those allegations.

6.

APE denies the allegations of Paragraph 6 of the Complaint.

7.

APE denies the allegations of Paragraph 7 of the Complaint.

8.

In response to the allegations of Paragraph 8 of the Complaint, APE admits that if a firework is used or ignited in any manner other than in accordance with its warnings, instructions, and applicable local ordinances, it can be dangerous. APE is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to unspecified "users'" expectations or beliefs. APE denies the remaining allegations of paragraph 8 of the Complaint.

9.

In response to the allegations of Paragraph 9 of the Complaint, APE admits that it operates stands that sell fireworks, including stands in Muscogee County, Georgia. APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint relating to Plaintiff Welch's alleged purchase of the Firework, and therefore denies those allegations.

10.

APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint, and therefore denies those allegations.

11.

APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint, and therefore denies those allegations.

12.

APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint relating to any alleged injuries suffered by Plaintiff Chase Welch, and therefore denies those allegations. APE denies the remaining allegations of Paragraph 12 of the Complaint.

13.

APE denies the allegations of Paragraph 13 of the Complaint.

14.

APE denies the allegations of Paragraph 14 of the Complaint.

## COUNT ONE
### Strict Products Liability Against American Promotional Events, Inc. Design

15.

APE reincorporates and realleges its responses to Paragraphs 1-14 of the Complaint as if set forth verbatim herein.

16.

APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint, and therefore denies those allegations.

17.

In response to the allegations in Paragraph 17 of the Complaint, APE admits that it sells fireworks, including TNT Small Display Shell Blue Star with Crackle & Silver Fish Fireworks, in the State of Georgia. APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint relating to the alleged sale of the Firework in this case, and therefore denies those allegations.

18.

In response to the allegations in Paragraph 18 of the Complaint, APE admits that it sells fireworks, including TNT Small Display Shell Blue Star with Crackle & Silver Fish Fireworks, in the State of Georgia. APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint relating to the alleged sale of the Firework at issue in this case, and therefore denies those allegations.

19.

APE denies the allegations of Paragraph 19 of the Complaint.

20.

APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint relating to the alleged sale of the Firework at issue in this case or whether such Firework was ever in its control, and therefore denies those allegations. APE denies the remaining allegations in Paragraph 20 of the Complaint.

21.

APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint, and therefore denies those allegations.

22.

APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint, and therefore denies those allegations.

23.

APE denies the allegations of Paragraph 23 of the Complaint.

## COUNT TWO
## Strict Product Liability Against Defendant American Promotional Events, Inc. Warnings

24.

APE reincorporates and realleges its responses to Paragraphs 1-14 of the Complaint as if set forth verbatim herein.

25.

In response to the allegations in Paragraph 25 of the Complaint, APE admits that it sells fireworks, including TNT Small Display Shell Blue Star with Crackle & Silver Fish Fireworks. APE denies that it designs or manufactures any fireworks. APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint relating to the alleged sale of the Firework at issue in this case, and therefore denies those allegations.

26.

In response to the allegations in Paragraph 26 of the Complaint, APE admits that it sells fireworks, including TNT Small Display Shell Blue Star with Crackle & Silver Fish Fireworks, in the State of Georgia. APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint relating to the alleged sale of the Firework at issue in this case, and therefore denies those allegations.

27.

In response to the allegations in Paragraph 27 of the Complaint, APE admits that it sells fireworks, including TNT Small Display Shell Blue Star with Crackle & Silver Fish Fireworks, in the State of Georgia. APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint relating to the alleged sale of the Firework at issue in this case, and therefore denies those allegations.

28.

APE denies the allegations of Paragraph 28 of the Complaint.

29.

APE denies the allegations of Paragraph 29 of the Complaint.

30.

APE denies the allegations of Paragraph 30 of the Complaint.

**COUNT THREE**
**Loss of Consortium**

31.

APE reincorporates and realleges its responses to Paragraphs 1-30 of the Complaint as if set forth verbatim herein.

11

32.

APE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint, and therefore denies those allegations.

33.

APE denies the allegations of Paragraph 33 of the Complaint.

34.

APE denies the allegations of Paragraph 34 of the Complaint.

To the extent a response is required, except for Plaintiff's request for a jury trial to be held, APE denies that Plaintiffs are entitled to any relief requested in their Prayer for Relief, including subparagraphs (a) through (d)

## GENERAL DENIAL

APE denies that it is liable to Plaintiff in under any theory of recovery and in any sum in law or equity. To the extent any paragraph, sentence, subparagraph, statement, or allegation in Plaintiff's Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Furthermore, any allegations of Plaintiff's Complaint not specifically addressed are hereby denied.

## PRAYER FOR RELIEF

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendant American Promotional Events, Inc. demands a trial by jury on all claims so triable and prays as follows:

(a)     That it has a trial by a jury of twelve;

(b)     That the Court enter judgment in its favor on each cause of action alleged against

it in the Complaint;

(c)     That it be awarded its costs, expenses and reasonable attorneys' fees; and

(d)     That the Court grant APE any and all such further relief as this Court deems just

and proper.

This 22nd day of June, 2022.


3344 Peachtree Road, Suite 2400            WEINBERG, WHEELER, HUDGINS,
Atlanta, GA 30326                          GUNN & DIAL, LLC
Tel: (404) 876-2700
Fax: (404) 875-9433                        */s/ WILLIAM D. ORTIZ*
npanayotopoulos@wwhgd.com                  Nick P. Panayotopoulos
jadler@wwhgd.com                           Georgia Bar No. 560679
wortiz@wwhgd.com                           Jennifer A. Adler
                                           Georgia Bar No. 585635
                                           William D. Ortiz
                                           Georgia State Bar No. 327613

                                           *Counsel for Defendant American Promotional
                                           Events, Inc.*


13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has, either by e-filing,

electronic mail and/or depositing same in the United States Mail with sufficient postage attached

thereto to assure delivery, been furnished to all counsel of record as follows:

Michael J. Warshauer
Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, Georgia 30339
mjw@warlawgroup.com

This 22nd day of June, 2022.

| | |
|---|---|
| 3344 Peachtree Road, Suite 2400 | WEINBERG, WHEELER, HUDGINS, |
| Atlanta, GA 30326 | GUNN & DIAL, LLC |
| Tel: (404) 876-2700 | |
| Fax: (404) 875-9433 | /S/ WILLIAM D. ORTIZ |
| npanayotopoulos@wwhgd.com | Nick P. Panayotopoulos |
| jadler@wwhgd.com | Georgia Bar No. 560679 |
| wortiz@wwhgd.com | Jennifer A. Adler |
| | Georgia Bar No. 585635 |
| | William D. Ortiz |
| | Georgia State Bar No. 327613 |
| | |
| | *Counsel for Defendant American Promotional Events, Inc.* |

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

SC2022CV000443

JUL 18, 2022 01:41 PM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

**CHASE WELCH and SOMER WELCH,**

                Plaintiffs,

    **v.**

**AMERICAN PROMOTIONAL EVENTS, INC.,**

                Defendant.

**JURY TRIAL DEMANDED**

**CIVIL ACTION
FILE NO. SC2022CV000443**

## FIRST AMENDED COMPLAINT
## INTRODUCTION TO AMENDED COMPLAINT

This is a product liability action. Defendant sold a consumer fireworks known as the TNT Small Display Shell Blue Star with Crackle & Silver Fish Firework, as allowed by O.C.G.A. §25-10-5.1. The firework had a design and/or manufacturing defect that caused it to shoot out at an angle instead of vertically. When this happened, Plaintiff was caused to be blinded.

This amendment is filed to nullify the arguments set forth in Defendant's Motion to Dismiss filed on June 22, 2022. In particular, to the extent not otherwise clear in the original Complaint for Damages, Plaintiffs specifically plead that Defendant is the manufacturer of the firework at issue, Defendant breached warranties owed to Plaintiff relating to the firework at issue, and Defendant failed to provide proper and adequate warnings.

## COMPLAINT FOR DAMAGES

COMES NOW Chase Welch and Somer Welch and file this Complaint for Damages against Defendant American Promotional Events, Inc. as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Defendant American Promotional Events, Inc. ("APE") is a foreign profit corporation. APE may be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, GA, 30046-4805.   Defendant has been properly served.

### 2.

By virtue of being alleged to have committed a tortious act in this county and in this state, this Court has jurisdiction over APE.

### 3.

Venue is proper in this Court because Muscogee County is the county in which APE is alleged to have committed a tortious act.

## FACTS

### 4.

APE sold consumer fireworks, in particular a product called the TNT Small Display Shell Blue Star with Crackle & Silver Fish Firework (the "firework") that is used by consumers to celebrate holidays like the 4th of July.

### 5.

The firework is supposed to be ignited by a fuse then shoot "flaming balls" vertically out of the top.

### 6.

If the firework emits flame or sparks other than vertically out of the top it is defective.

7.

If the firework emits flame or sparks at an angle it is defective.

8.

If the firework shoots flames or sparks at an angle, instead of vertically, it presents an unreasonable danger to users in that they do not expect that to occur, and can be seriously injured as a result.

9.

Plaintiff Chase Welch purchased the firework from a stand operated by AME located in Muscogee County, Georgia.

10.

On July 4, 2021, Chase Welch was using the firework when, after igniting it properly, sparks and flame erupted out of the top, but instead of going vertically erupted at a severe angle and hit him in the face and eye.

11.

On July 4, 2021, when Chase Welch was using the firework and sparks and flame erupted at a severe angle and hit him in the face and eye he was seriously injured.

12.

The injury suffered by Chase Welch is the kind of damage or injury that might ensue to persons as a result of the Defendant selling consumer fireworks.

13.

At the time the firework was sold for use, a reasonable alternative design was technically and financially possible, and would not have negatively affected the utility of the firework.

14.

The firework was defective in that it was not manufactured as intended because it was intended that the flame and spark would erupt vertically, and not erupt at a severe angle, from the top of the firework.

**AMENDED COUNT ONE**
**Strict Products Liability Against Defendant American Promotional Events, Inc.**
**Manufacture and Design**

15.

Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above as if they were fully restated verbatim herein as paragraph 15.

16.

APE designed, manufactured and sold the consumer firework involved in the incident in suit.

17.

APE was engaged in the business of designing, manufacturing and selling consumer fireworks, including the subject firework, for use and consumption in Georgia.

18.

APE sold the subject firework for use and consumption in Georgia.

19.

The subject firework was defective in its design because sparks and flame erupted at a severe angle and this made the firework unreasonably dangerous.

20.

The subject firework was defective in its manufacture because sparks and flame erupted at a severe angle and this made the firework unreasonably dangerous.

-4-

21.

The subject firework was defective at the time it was sold by APE or at the time it left the control of this Defendant.

22.

The subject firework was expected to and did reach the user without substantial change in the condition in which it was sold.

23.

Chase Welch was a person who would reasonably be expected to use or be affected by the subject firework, and Chase Welch used the subject firework in a reasonably foreseeable fashion.

24.

As a direct and proximate result of the manufacturing and/or design defects in the subject firework, Chase Welch is entitled to an award of special damages against the Defendant for past and future lost wages and medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by the enlightened conscience of a jury of his peers, plus such other damages as he has suffered in a total amount to be determined by a jury of his peers.

## AMENDED COUNT TWO
### Strict Products Liability Against Defendant American Promotional Events, Inc. Warnings

25.

Plaintiff realleges and incorporates by reference paragraphs 1 through 24 above as if they were fully restated verbatim herein as paragraph 25.

26.

APE designed, manufactured and sold consumer fireworks, and including the subject firework involved in the incident in suit.

27.

APE was engaged in the business of selling consumer fireworks, including the subject firework, for use and consumption in Georgia.

28.

APE sold the subject firework for use and consumption in Georgia.

29.

The subject firework was defective because APE failed to warn users that flames and sparks could at a severe angle so that they could protect themselves from injury.

30.

The subject firework was defective at the time it was used by Plaintiff because APE did not comply with its obligations set forth in the Federal Hazardous Substances Act as defined by 16 CFR 1500.14(b)(7)(xv) in that the firework was not specifically listed in the regulations and Defendant failed to advise the user of necessary safety precautions to be observed as specifically provided by the regulations applicable to fireworks.  To the extent the firework is one of the specifically identified fireworks listed in the regulation, Defendant did not specifically comply with any one of the regulations and thus is not entitled to any preemptive shield that might otherwise have prevented Plaintiffs' state law tort claims.

31.

As a direct and proximate result of the APE failure to warn of the dangers of the

subject firework, Chase Welch is entitled to an award of special damages against the Defendant for past and future lost wages and medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by the enlightened conscience of a jury of his peers, plus such other damages as he has suffered in a total amount to be determined by a jury of his peers.

### AMENDED COUNT THREE
### Seller Liability Against Defendant American Promotional Events, Inc.

32.

Plaintiff realleges and incorporates by reference paragraphs 1 through 31 above as if they were fully restated verbatim herein as paragraph 32.

33.

APE sold consumer fireworks in Georgia, including the subject firework involved in the incident in suit.

34.

APE was engaged in the business of selling consumer fireworks, including the subject firework, for use and consumption in Georgia.

35.

APE sold the subject firework for use and consumption in Georgia.

36.

The losses, damages and injuries suffered by Plaintiff were the result of the sale of the consumer fireworks.

37.

As a direct and proximate result of the APE's sale of the subject consumer

firework, Chase Welch is entitled to an award of special damages against the Defendant for past and future lost wages and medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by the enlightened conscience of a jury of his peers, plus such other damages as he has suffered in a total amount to be determined by a jury of his peers.

**AMENDED COUNT FOUR**
**Breach of Warranty**

38.

Plaintiff realleges and incorporates by reference paragraphs 1 through 37 above as if they were fully restated verbatim herein if repeated herein as Paragraph 38.

39.

Defendant impliedly warranted that the subject firework was safe for Plaintiffs' use, was reasonably fit for the purpose intended, and would direct its pyrotechnic display upwards to the delight of spectators instead of dangerously sideways.

40.

As a direct and proximate result of the APE breach of its warranties relating to the subject firework, Chase Welch is entitled to an award of special damages against the Defendant for past and future lost wages and medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by the enlightened conscience of a jury of his peers, plus such other damages as he has suffered in a total amount to be determined by a jury of his peers.

## AMENDED COUNT FIVE
## Loss of Consortium

41.

Plaintiffs repeat, reallege, and incorporate by reference, the allegations of Paragraphs 1 through 40 of this Complaint as if repeated herein as Paragraph 41.

42.

At all times relevant to this action, Plaintiff Chase Welch has been the husband of Plaintiff Somer Welch.

43.

As a direct and proximate result of the wrongful conduct of the Defendant, Plaintiff Chase Welch suffered severe and permanent bodily injuries including serious and potentially permanent physical injury and disability, substantial and continuing pain, suffering, and discomfort, and medical expenses and wage losses, both past and future. As a result of these injuries, his wife, Plaintiff Somer Welch, has lost the domestic and conjugal services previously provided to her by her husband and has been deprived of her right to consortium.

44.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff Somer Welch is entitled to an award of general damages against the Defendant for her loss of consortium in an amount to be determined by the enlightened conscience of a jury of her peers.

WHEREFORE, Plaintiffs pray that summons issue, that Defendant be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiffs be awarded judgment in Plaintiffs' favor and against the Defendant, as follows:

(a) Under Counts One, Two, Three, and Four that Plaintiff Chase Welch be awarded damages against Defendant American Promotional Events, Inc. for pain and suffering, lost wages, and medical expenses in an amount to be proven at trial;

(b) Under Count Five, that Plaintiff Somer Welch be awarded against the Defendant her special damages in the amount proved at trial, and that she be awarded general damages in an amount to be determined by the enlightened conscience of a jury of her peers;

(c) That the cost of this action be levied against Defendant; and,

(d) That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

This 18th day of July, 2022.

Respectfully submitted,
WARSHAUER LAW GROUP, P.C.

By: _s/Michael J. Warshauer_
Michael J. Warshauer
Georgia Bar No. 018720

2740 Bert Adams Rd.
Atlanta, GA 30339
404-892-4900
404-892-1020 Fax
mjw@warlawgroup.com

-10-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the within and foregoing **FIRST AMENDED COMPLAINT**, upon all counsel of record via the PeachCourt E-file system as follows:

> Nick P. Panayotopoulos, Esq.
> Jennifer A. Adler, Esq.
> William D. Ortiz, Esq.
> Weinberg Wheeler Hudgins Gunn & Dial, LLC
> 3344 Peachtree Road, NE
> Suite 2400
> Atlanta, GA 30326
> npanayo@wwhgd.com
> jadler@wwhgd.com
> wortiz@wwhgd.com

This 18th day of July, 2022.

By: *s/Michael J. Warshauer*
Michael J. Warshauer

Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, GA 30339
404-892-4900
404-892-1020 Fax

-11-