```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

CHASE WELCH and SOMER WELCH,     \*

    Plaintiffs,                  \*

vs.                              \*

                                              CASE NO. 4:22-CV-122 (CDL)

AMERICAN PROMOTIONAL EVENTS, INC., \*

    Defendant.                   \*

O R D E R

Plaintiffs allege that Chase Welch was injured when a firework that was designed, manufactured, and sold by Defendant erupted at a severe angle instead of erupting vertically as expected. Plaintiffs brought state law claims against Defendant in the State Court of Muscogee County for design defect, manufacturing defect, and failure to warn. Defendant removed the action to this Court, asserting that federal question jurisdiction exists because Plaintiffs allege that Defendant did not comply with a federal regulation on labeling for fireworks. Defendants do not assert another basis for subject matter jurisdiction. Plaintiffs moved to remand this action to the state court, arguing that federal question jurisdiction does not exist, so Court does not have subject matter jurisdiction. As discussed below, the Court grants the motion to remand (ECF No. 13).

DISCUSSION

"A removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). A defendant may remove any civil action brought in a state court to a federal district court that has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To meet its burden, Defendant must show that Plaintiffs' operative complaint, "as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors*, 552 F.3d at 1295.

Here, Plaintiffs allege, among other things, that the firework that injured Chase Welch was defective in part because Defendant did not comply with a regulation promulgated pursuant to the Federal Hazardous Substances Act, 15 U.S.C. § 1261, *et seq.* The regulation requires that fireworks devices which are not required to have a specific warning label "shall carry a warning label indicating to the user where and how the item is to be used and necessary safety precautions to be observed." 16 C.F.R. § 1500.14(b)(7)(xv) (2022). The question for the Court is whether this claim implicates significant federal issues.

The Hazardous Substances Act does not create a private right of action, so Plaintiffs did not plead a cause of action created by federal law. *See* 15 U.S.C. § 1264 (providing for criminal penalties, civil penalties, and civil actions by state attorneys general for injunction); *see also Riegel Textile Corp. v. Celanese Corp.*, 649 F.2d 894, 906 (2d Cir. 1981) (extensively analyzing whether the Federal Hazardous Substances Act creates an implied private right of action and concluding that it does not). Defendant argues that the failure-to-warn claim, which relies on a regulation promulgated under the Act, implicates significant federal issues. Defendant also appears to contend that the failure-to-warn claim is completely preempted by federal law in a manner that made this action removable. The Court will begin with the preemption issue.

The Hazardous Substances Act has an express partial preemption clause: "if a hazardous substance or its packaging is subject to a cautionary labeling requirement . . . designed to protect against a risk of illness or injury associated with the substance, no State or political subdivision of a State may establish or continue in effect a cautionary labeling requirement applicable to such substance or packaging . . . *unless such cautionary labeling requirement is identical to the labeling requirement under*" the Act. 15 U.S.C. § 1261, note (b)(1)(A) (emphasis added). So, federal law preempts state law

3

claims premised on labels that are *different from* those required by the Hazardous Substances Act. Here, Plaintiffs do not seek to establish a different warning standard under Georgia law. Rather, they argue that the firework's warning was inadequate because it was not identical to the warning required under the Hazardous Substances Act. Thus, Plaintiffs' failure-to-warn claim is not preempted.

The next question is whether Plaintiffs' failure-to-warn claim implicates significant federal issues. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).

The Supreme Court's decision in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986) is instructive. In that action, the plaintiff asserted a state law negligence claim

4

based on the allegation that the defendant drug company had violated a federal misbranding prohibition promulgated under the Federal Food, Drug, and Cosmetic Act. *Id.* at 805. The Supreme Court assumed that federal law would have to be applied to resolve the claim, but it concluded that there was no substantial, disputed question of federal law in part because Congress had not provided a private federal cause of action for violation of the federal branding requirement and had not preempted state remedies for misbranding. *Id.* at 812, 816. As the *Grable* Court later explained, the *Merrell Dow* Court "saw the missing cause of action not as a missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." *Grable*, 545 U.S. at 318. "For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases." *Id.*

Here, the Court acknowledges that a federal issue is necessarily raised by the state law failure-to-warn claim because Plaintiffs assert that Defendant did not adequately warn him, and the resolution of that claim requires reference to the

5

labeling standards required by the Hazardous Substances Act. Regarding the second element—the federal issue is actually disputed—the Court assumes there is an actual dispute. There is no dispute about the substance of the federal law, but there is a dispute about the technical application of a straightforward standard. The dispute over the federal issue, however, is not a substantial one. The substantiality inquiry looks "to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. A dispute about a federal issue is substantial if, as in *Grable*, the Government has a "direct interest in the availability of a federal forum to vindicate its own administrative action." *Grable*, 545 U.S. at 315 (finding that the Internal Revenue Service, which seized the plaintiff's property to satisfy a federal tax delinquency, had a direct interest in a state law quiet title action that challenged the seizure due to the IRS's purported failure to follow notice requirements). A dispute about a federal issue is also substantial if it depends on the determination of the constitutionality of an act of Congress. *Gunn*, 568 U.S. at 261 (citing *Smith v. Kan. City Title & Trust Co.*, 255 U.S. 180 (1921)). In this action, much like the strikingly similar federal issue in *Merrell Dow*, "the federal issue carries no such significance." *Id.*

6

Turning to the fourth *Grable* factor, the balance of federal and state jurisdiction is less likely to be disturbed by allowing this action to proceed in state court instead of this Court. All of Plaintiffs' allegations invoke Georgia state law, and federal labeling regulations will operate only as a standard to gauge the adequacy of any warnings. As the *Grable* Court observed, had the *Merrell Dow* Court adopted a "general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations," that would "have heralded a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 U.S. at 319. To conclude that Congress meant to "welcome any state-law tort case implicating" a federal mislabeling rule merely because there is a simple dispute about the technical application of a straightforward standard, *id.*—despite Congress's decision not to provide a federal cause of action—would "flout, or at least undermine, congressional intent." *Merrell Dow*, 478 U.S. at 812.

In summary, for the foregoing reasons, this action does not present a substantial question of federal law. The Court thus lacks subject matter jurisdiction, and this action must be remanded.

CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' motion to remand (ECF No. 13). This action is

7

remanded to the State Court of Muscogee County.  Defendant's motion to dismiss (ECF No. 7) is terminated as moot.

IT IS SO ORDERED, this 14th day of December, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
